UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NESTA KAMELY WALKER,

    Petitioner,

v.      Case No. 3:23-cv-213-JEP-LLL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.

## ORDER

### I. Status

Petitioner Nesta Kamely Walker, an inmate of the Florida penal system, initiated this action on February 24, 2023,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] In the Petition, Walker challenges a 2011 state court (Duval County, Florida) judgment of conviction for first-degree murder, armed robbery and fleeing and attempting to elude a police officer. He raises eleven grounds for relief. *See* Petition at 5–36. Respondent has submitted a memorandum in opposition to the Petition, arguing that the action is untimely. *See* Motion to Dismiss Untimely Petition

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

for Writ of Habeas Corpus (Response; Doc. 7). Respondent also submitted exhibits. *See* Docs. 8-1 through 8-38. Walker filed an amended brief in reply. *See* Request for Leave to Amend (Amended Reply; Doc. 11). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondent contends that Walker has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). Response at 6–12. The following procedural history is relevant to the one-year limitations issue. On March 25, 2010, a grand jury indicted Walker with first-degree murder (count one), armed robbery (count two), and fleeing and attempting to elude a police officer (count three). Doc. 8-2 at 2–3. Walker proceeded to a trial, and on December 15, 2010, a jury found him guilty of all counts as charged. Doc. 8-4 at 2–9. On January 19, 2011, the circuit court sentenced Walker to life sentences for counts one and two and a five-year term of imprisonment for count three. Doc. 8-5 at 5–7. Walker pursued a direct appeal, and on April 5, 2012, the First District Court of Appeal (First DCA) per curiam affirmed

Walker's conviction and sentence. Doc. 8-9 at 2. The First DCA issued the mandate on April 23, 2012. Doc. 8-10 at 2.

As Walker's conviction and sentence became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, *see* Fla. R. App. P. 9.030(a)(2), Walker's conviction and sentence became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. *See Chamblee v. Florida*, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Walker to file a petition for writ of certiorari expired on Wednesday, July 4, 2012 (ninety days after April 5, 2012). *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Walker had until July 4, 2013, to file a federal habeas petition. He did not file his Petition until February 24, 2023. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

The one-year limitations period began to run on July 5, 2012, and ran for 304 days until May 5, 2013, when Walker filed a motion for postconviction

relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 8-11 at 5–21. The circuit court denied relief. *Id.* at 38–45. On March 26, 2021, the First DCA per curiam affirmed the circuit court's denial. Doc. 8-14 at 2–3. It issued the mandate on April 16, 2021. Doc. 8-15 at 2. Walker subsequently filed a series of motions for belated rehearing in the First DCA. Docs. 8-16 at 2–9, 8-18 at 2–9, 8-20 at 2–21. The First DCA denied relief on November 1, 2021, and November 8, 2021. Docs. 8-19 at 2, 8-23 at 2, 8-24 at 2.

On October 20, 2021, Walker filed a second Rule 3.850 motion. Doc. 8-32 at 5–26. The circuit court denied the motion as untimely. *Id.* at 73–83. On June 14, 2022, the First DCA per curiam affirmed the circuit court's denial. Doc. 8-35 at 2–3. On August 25, 2022, it issued the mandate. Doc. 8-38 at 2. Nevertheless, Walker's second Rule 3.850 motion did not toll the one-year limitations period because the motion was not properly filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (stating that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)") (citation omitted); *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1350 (11th Cir. 2018) (finding petitioner's Rule 3.850 motion alleging newly discovered evidence was not a properly filed motion that tolled the one-year limitations period because the state court determined the motion was untimely filed).

5

Therefore, the one-year limitations period began to run again on November 9, 2021, the day after the First DCA denied the last of his motions for belated rehearing,[3] and ran for 61 days until it expired on Monday, January 10, 2022.[4] Walker filed his Petition on February 4, 2023. Given the record, Walker's Petition is untimely filed and due to be dismissed unless he can establish that equitable tolling of the statute of limitations is warranted.

Insofar as Walker argues his status as a pro se litigant entitles him to equitable tolling, *see* Petition at 38–39, the Court is not persuaded. The Eleventh Circuit has determined that a habeas petitioner's lack of legal training and a general ignorance or confusion regarding the law are not extraordinary circumstances warranting equitable tolling. *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013). And pro se litigants, like other litigants, "are deemed to

---

[3] In its timeliness analysis, Respondent assumes Walker's motions for rehearing tolled the one-year limitations period. The Court does the same.

Walker also filed a petition for writ of habeas corpus in the First DCA on November 1, 2013. Doc. 8-26 at 2–8. The First DCA denied the petition on the merits on February 24, 2014. Doc. 8-29 at 2. Filed and resolved during Walker's initial Rule 3.850 proceedings, the petition had no effect on the one-year limitations period.

[4] The one-year limitations period ended on Saturday, January 8, 2022; therefore, the period continued to run until Monday, January 10, 2022. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

6

know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

Walker also argues that he is entitled to equitable tolling because he had limited access to the law library due to COVID-19. Petition at 39. Upon review, the Court finds that Walker has not demonstrated that extraordinary circumstances prevented him from timely filing his federal Petition. Notably, the circumstances described by Walker are not extraordinary. *See Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) (affirming a district court's dismissal of a habeas petition as untimely because "restricted access to a law library, lock-downs, and solitary confinement" as well as inability to access legal assistance generally do not qualify as circumstances warranting equitable tolling).[5] Therefore, Walker has not met the burden of showing that equitable tolling is warranted on this basis. Because he has not shown a justifiable reason why the dictates of the one-year limitations period should not be applied to him, the Petition is untimely. As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

---

[5] The Court notes that it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Walker seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Walker "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack*, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon

8

consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now **ORDERED:**

1. Respondent's request to dismiss (Doc. 7) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk shall enter judgment dismissing this case with prejudice.

3. If Walker appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of November, 2025.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE


Jax-9 11/13
c:   Nesta Kamely Walker, #J43522
     Counsel of record